IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| TONY O., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. CBD-18-3686 |
| ) | |
| ANDREW SAUL,[1] ) | |
| ) | |
| Acting Commissioner, ) | |
| Social Security Administration ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION</u>**

Tony O. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Administrative Law Judge ("ALJ") denied Plaintiff's claim for a period of Supplemental Security Income ("SSI") beginning July 1, 2012[2] under Title XVI of the Social Security Act ("SSA"). The ALJ also denied Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the SSA. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 13, Plaintiff's Alternative Motion for Remand, ECF No. 13, ("Plaintiff's Alternative Motion") and Defendant's Motion for Summary Judgment ("Commissioner's Motion"), ECF No. 16. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Loc. R. 105.6 (D.

---

[1] When this proceeding began, Nancy Berryhill was the Acting Commissioner of the Social Security Administration. On June 17, 2019, Andrew Saul was sworn in as Commissioner and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] Plaintiff amended his onset date to June 26, 2015.

1

Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **GRANTS** Plaintiff's Alternative Motion, and **REMANDS** the ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. A separate order will issue.

I.   **Procedural Background**

On February 18, 2015, Plaintiff filed for DIB and SSI under Titles II and XVI of the Social Security Act, alleging disability beginning July 1, 2012. R. 250, 256. Plaintiff alleged disability due to multiple impairments, including HIV,[3] Bipolar Disorder, Depression, and Anxiety. R. 274. Plaintiff's claims were initially denied on July 16, 2015, and upon reconsideration on November 3, 2015. R. 15. An administrative hearing was held on July 6, 2017. R. 15. On November 20, 2017, Plaintiff's claims for DIB and SSI were denied. R. 31. Plaintiff sought review by the Appeals Council, which concluded on October 12, 2018, that there was no basis for granting the request for review. R. 1. Plaintiff subsequently filed an appeal with this Court. ECF No. 1.

II.  **Standard of Review**

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2019). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job

---

[3] HIV is the acronym for human immunodeficiency virus.

correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Titles II and XVI if he is unable "to do any substantial gainful activity by reason of any medically determinable physical

or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2012). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). Plaintiff has the burden to prove that he is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)–(c), 416.945(b)–(c) (2012). In making this assessment, the ALJ "must consider all of the

claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *See also* 20 C.F.R. §§ 404.1545(a), 416.945(a) (2012). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *See Thomas*, 916 F.3d at 311; SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996). "Once the ALJ has completed the function-by-function analysis, the ALJ can make a finding as to the claimant's RFC." *Thomas*, 916 F.3d at 311. "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). "[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2nd Cir. 2013)).

### III. Analysis

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 17–31. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 26, 2015, the amended alleged onset date of Plaintiff's disability. R. 17. At step two, under 20 C.F.R. §§ 404.1520(c), 416.920(c) the ALJ determined that Plaintiff had the following severe impairments: depression and anxiety. R. 18. The ALJ found that

Plaintiff's HIV and right-hand degenerative changes were non-severe impairments. R. 18. The ALJ also found that Plaintiff's back pain and wrist pain were not medically determinable impairments. R. 18–19. At step three, the ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." R. 20. Before turning to step four, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> [Plaintiff] is limited to performing simple, routine, and repetitive tasks, but not at a production rate pace. [Plaintiff] is limited to simple work-related decisions. [Plaintiff] is limited to occasional contact with supervisors, coworkers, and the public.

R. 22. At step four, the ALJ determined Plaintiff is unable to perform any past relevant work. R. 29. At step five, with the benefit of a Vocational Expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: linen room attendant, day worker, night stocker, final inspector, final assembler, and sorter. R. 30. The ALJ found that "Plaintiff has not been under a disability, as defined in the Social Security Act, from June 26, 2015, through the date of this decision." R. 31.

On appeal, Plaintiff argues that the Court should reverse the final decision of the ALJ or in the alternative remand the case to the Commissioner for further proceedings, alleging that: (1) the ALJ substituted the opinions of physicians with his own; (2) the ALJ failed to build an accurate and logical bridge from his findings at step three to his mental RFC assessments at steps

four and five; and (3) the ALJ failed to resolve the conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Pl.'s Brief in Supp. of Pl.'s Mot. 7–18.[4]

**Residual Functional Capacity**

Plaintiff challenges the ALJ's RFC finding and asserts that the ALJ failed to build an accurate and logical bridge from his findings at step three to his mental RFC assessments at step four and five. *Id.* at 11. Plaintiff also asserts that the ALJ's mental and physical RFC is inconsistent with the Fourth Circuit's *Mascio* decision. *Id.* at 13.

Generally, the Court will affirm the Social Security Administration's disability determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. *Woods v. Berryhill*, 888 F.3d 686, 691 (4th Cir. 2018) (citing *Mascio*, 780 F.3d at 634). But when performing an RFC assessment, the ALJ must provide a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184, at *7 (S.S.A). "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* 'build an accurate logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694.

A proper RFC analysis has three components: (1) evidence; (2) logical explanation; and (3) conclusion. *Thomas*, 916 F.3d at 311. The ALJ's logical explanation is just as important as the other two. *Id*. Without a proper narrative discussion from the ALJ, it is impossible for the Court to determine whether the decision was based on substantial evidence. *Geblaoui v. Berryhill*, No. CBD-17-1229, 2018 WL 3049223, at *3 (D. Md. June 20, 2018) (citing *Jones v. Astrue*, No. SKG-09-1683, 2011 WL 5833638, at *14 (D. Md. Nov. 18, 2011)). "The ALJ has the obligation to consider *all* relevant medical evidence and cannot simply cherrypick facts that

---

[4] Plaintiff did not provide page numbers however, for purposes of providing citations, the Court identified page numbers according to the physical pages.

7

support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (emphasis added). The ALJ must also include "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Monroe*, 826 F.3d at 189 (citing *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)).

   1. **The ALJ's RFC was insufficient because it failed to include an explicit conclusion about how Plaintiff's mental limitations affect his ability to perform job-related tasks for a full workday.**

Plaintiff asserts that the ALJ failed to sufficiently address Plaintiff's mental limitations in the RFC. Pl.'s Brief in Supp. of Pl.'s Mot. 13. Defendant avers that the ALJ properly accounted for Plaintiff's mental impairments because the "ALJ considered all of the relevant evidence in determining Plaintiff's mental RFC." Def.'s Mem. in Supp. of Def.'s Mot. 6–9.

In *Mascio v. Colvin*, the Fourth Circuit held that a RFC assessment must account for an ALJ's step three finding of moderate limitations in concentration, persistence, or maintaining pace beyond limiting a claimant to performing only "simple, routine tasks." 780 F.3d 632, 638 (4th Cir. 2015). This Court further clarified that, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in his RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.,* Civ. No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015).

The functional area of concentration, persistence, or maintaining pace, "refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). Since *Mascio*, courts have reviewed various ALJs' attempts

to include corresponding limitations in their RFC assessments for moderate limitations in this functional area.[5]

In *Thomas*, the ALJ found the plaintiff had moderate limitations in concentration, persistence, or maintaining pace, and concluded that the plaintiff had a RFC to perform light work with the following additional mental limitations:

> [The plaintiff] is able to follow short, simple instructions and perform routine tasks, but no work requiring a production rate or demand pace. She can have occasional public contact or interaction and frequent, but not continuous, contact or interaction with coworkers and supervisors. [She] must avoid work involving crisis situations, complex decision making, or constant changes in a routine setting.

*Thomas*, 916 F.3d at 310 (citations omitted). The Fourth Circuit held that the RFC analysis was insufficient because it "contained too little logical explanation for [the Court] to conduct meaningful appellate review." *Id.* at 312. In reversing the lower court's decision, the Fourth Circuit made it clear that when an ALJ finds a claimant has moderate limitations in concentration, persistence, or maintaining pace, the ALJ is expected to include "explicit conclusions about how [the claimant's] mental limitations affect her ability to perform job-related tasks for a full workday—a benchmark established by the [S.S.A.'s] own regulations." *Id.* at 312 (citing SSR 96-8P, 1996 WL 374184 at *2) (holding that the ALJ's analysis was

---

[5] *See, e.g.*, *Wilson v. Comm'r, Soc. Sec. Admin.*, Civ. A. No. ADC-17-2666, 2018 WL 3941946, at *5–6 (D. Md. Aug. 16, 2018) (holding limitations for interactions with other individuals does not address concentration, persistence, or maintaining pace; rather it addresses social functioning); *McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) (concluding "a RFC restriction that [the claimant could] perform 'simple, routine, and repetitive tasks involving only simple work-related decisions with few if any workplace changes and only occasional supervision' " was insufficient to meet *Mascio* requirements); *Steele v. Comm'r, Soc. Sec.*, Civ. No. MJG-15-1725, 2016 WL 1427014, at *4 (D. Md. Apr. 11, 2016) (citing SSR 96-9P) (holding that when a RFC includes durational limitations an ALJ must consider that the normal 8-hour workday already includes breaks approximately every two (2) hours and provide further explanation as to how limiting someone to breaks every two hours "adequately accounts for a moderate limitation in the ability to stay on task" or else it does not meet the *Mascio* requirements).

insufficient because (1) the ALJ drew no explicit conclusions as to how the claimant's mental limitation affects her ability to perform job-related tasks for a full workday; (2) the ALJ did not sufficiently explain how she weight significant evidence related to the claimant's mental health treatment; (3)

The ALJ in this case found in step three that Plaintiff has a moderate limitation in concentration, persistence, or maintaining pace. R. 20. Despite Plaintiff testifying that he had racing thoughts and heard voices, the ALJ identified portions of the record in which Plaintiff reported he was able to pay attention and finish what he starts. R. 20. Further, the ALJ discussed that Plaintiff watched television daily which requires a degree of concentration. R. 20. Lastly, the ALJ identified that Plaintiff's "June 2017 mental status examination demonstrated intact attention and concentration, an average fund of knowledge, and an ability to perform abstract reasoning." R. 21. After concluding that Plaintiff had a moderate limitation in concentration, persistence, or maintaining pace, the ALJ stated Plaintiff's RFC and included the following non-exertional limitations: "[Plaintiff] is limited to performing simple, routine, and repetitive tasks, but not at a production pace rate. [Plaintiff] is limited to simple work-related decisions. [Plaintiff] is limited to occasional contact with supervisors, coworkers, and the public." R. 22. As established by the Fourth Circuit, this limitation and explanation does not account for Plaintiff's moderate limitations in concentration, persistence, or maintaining pace. *Mascio*, 780 F.3d at 638. Absent additional explanation, remand is necessary. *Talmo,* 2015 WL 2395108, at *3.

The ALJ's limitation for Plaintiff to "simple, routine, and repetitive tasks," "simple work-related decisions," and "occasional interaction with supervisors, co-workers, and the general public," R. 22, does not account for whether Plaintiff can perform these tasks for a full workday

10

and workweek. *See McDonald*, 2017 WL 3037554, at *4 (holding that an RFC limiting a claimant to "simple, routine, and repetitive tasks" did not adequately account for the claimant's ability to sustain work throughout an eight-hour workday where the claimant had moderate difficulties in concentration, persistence, and pace). Plaintiff may be able to perform simple, repetitive and routine tasks, with occasional contact with supervisors, coworkers, and the public, but the Court cannot without further explanation, ascertain whether the ALJ believes Plaintiff can perform these tasks for an entire workday as required by the Fourth Circuit. *Thomas*, 916 F.3d at 312.

In the narrative discussion pertaining to the RFC analysis, the ALJ discussed Plaintiff's mental health impairments. R. 22–24. First, the ALJ concluded that Plaintiff's allegations are not supported by the objective medical evidence. The ALJ further stated that "medical records confirm [Plaintiff's] severe impairments of depression and anxiety; however, the records do not support the severity he alleges." R. 22. Then, the ALJ thoroughly reviewed the medical records pertaining Plaintiff's mental impairments. R. 22–24. From May 2015 to June 2017, the ALJ identified objective medical evidence which showed that Plaintiff's mental impairments were not as severe as Plaintiff alleged. R. 22–23. For instance, on May 27, 2015, during a mental status examination with Dr. Langlieb, Plaintiff's records indicate that Plaintiff was alert, cooperative, and made good eye contact. R. 22. There was also no evidence of formal thought disorder and that Plaintiff's fund of knowledge appeared borderline average. R. 23. Also, of note, in September of 2015, the ALJ identified records of Plaintiff's physical examination which revealed Plaintiff had a normal mood and affect with no depression, anxiety or agitation. R. 23. Plaintiff's February 2017 treatment records also showed no indication of depression, anxiety, or agitation. R. 23. The ALJ also found that Plaintiff's allegations to the severity of his

11

impairments are not consistent with the medical evidence because the Plaintiff "reported no problems with performing personal care tasks, such as dressing, bathing, and feeding himself. [Plaintiff] stated that he talks to other people daily, and that he watches television and plays cards." R. 23.

The Court finds this explanation is mostly supported by the evidence available in the record. The ALJ's explanation thoroughly tracks Plaintiff's longitudinal course of treatment for his mental impairments, the observations of his providers, and Plaintiff's activities of daily living. R. 22–24. However, the ALJ failed to draw an "explicit conclusion about how [Plaintiff's] mental limitations affect [his] ability to perform job-related tasks for a full workday—a benchmark established by the Administration's own regulations." *Thomas*, 916 F.3d at 312. In fact, at no point in his decision does the ALJ discuss Plaintiff's "ability to sustain work at a competitive pace over a typical workday." *See Beau S. v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-18-2083, 2019 WL 3208002, at *3 (D. Md. July 16, 2019) (reversing and remanding an ALJ's decision where it fails to address this same capability). Remand is required to allow the ALJ to establish for how long and under what conditions Plaintiff is able to focus his attention on work activities and stay on task at a sustained rate. *Sean P. v. Saul, Comm'r of Soc. Sec.*, Civ. No. TMD 18-2072, 2019 WL 3778706, at *5 (D. Md. Aug. 12, 2019) (citing *Thomas*, 916 F.3d at 312 n.5).

### 2. In determining Plaintiff's RFC, the ALJ failed to build an accurate logical bridge from the evidence to his conclusion.

Plaintiff asserts the ALJ failed to build an accurate logical bridge from the evidence to the ALJ's conclusion at step three of the sequential analysis because the ALJ's conclusions at step three conflicts with the ALJ's conclusions in step four and five of the sequential analysis. Pl.'s Brief in Supp. of Pl.'s Mot. 12. Specifically, Plaintiff points out that the ALJ found at step

three that Plaintiff has a moderate limitation in interacting with others, whereas in step four and five, the ALJ found that "[Plaintiff] could only 'occasionally' . . . be in 'contact with supervisors, coworkers, and the public.'" *Id.* (internal citations omitted). Defendant without directly addressing whether the ALJ's analysis conflicts with the ALJ's prior findings, avers that Plaintiff fails to show that the ALJ's mistake prejudices Plaintiff, and that the ALJ "merely gave Plaintiff the benefit of the doubt . . . [which] does not constitute an error." Def.'s Mem. in Supp. of Def.'s Mot. 7. The Court agrees with Plaintiff.

In step three, the ALJ discredited Plaintiff's assertion that he "avoids being around other people due to his anxiety symptoms" because the ALJ found in Plaintiff's adult functioning report that Plaintiff "noted that he spends time talking with people and playing with cards." R. 20. The ALJ further found that during a 2017 psychiatric consultative examination, Plaintiff was alert, cooperative and made good eye contact. R. 20. However, in the ALJ's RFC limitation, the ALJ stated "[Plaintiff] is limited to occasional contact with supervisors, coworkers and the public." R. 22.

The Court finds that the ALJ gave Plaintiff the benefit of the doubt and limited Plaintiff's interaction with others more so than the records suggest. However, even though no prejudice may have occurred due to the ALJ's conflicted conclusions, the Fourth Circuit has made it clear and has "held that [a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling, including a discussion of which evidence the ALJ found credible and why, and specific application of pertinent legal requirements to the record evidence." *See Temelso v. Berryhill*, No. TMD 17-557, 2018 WL 3092259, at *7 (D. Md. June 22, 2018) (citing *Monroe*, 826 F.3d at 189). Further, the ALJ "must *both* identify evidence that supports his conclusion and 'build an accurate and logical bridge from that evidence to his

13

conclusion.'" *Woods*, 888 F.3d at 694 (quoting *Monroe*, 826 F.3d at 189); *Temelso*, 2018 WL 3092259, at *7 (remanding a case to the SSA because even though no prejudice occurred when an ALJ erred, the Fourth Circuit requires an ALJ to build an accurate and logical bridge from the evidence to the conclusion).

In this case, the inadequate contradictory analysis provided by the ALJ frustrates meaningful review of Plaintiff's RFC. *See Mascio* 780 F.3d at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2nd Cir. 2013)). With the ALJ's conflicting conclusions, the ALJ failed to provide a logical bridge between the evidence he highlighted and used to discredit Plaintiff to his conclusion. The Court is left to guess how the ALJ arrived at his conclusion that Plaintiff can have only occasional contact with supervisors, coworkers and the public, when evidence the ALJ identified only shows that Plaintiff could speak with others and play cards. R. 20. Without knowing the ALJ's thought process, the Court has no way of evaluating the basis of the ALJ's decision, therefore, the proper course is to remand the case for additional explanation. *Radford*, 734 F.3d at 295; *See also Monroe*, 826 F.3d at 188.

Plaintiff also takes issue with weight the ALJ placed on the treating physicians' opinions and the VE testimony which the ALJ relied on. However, in view of the Court's decision to remand the matter due to the inadequate RFC analysis, the Court declines to address Plaintiff's other issues. *See Brown v. Colvin*, 639 F. App'x 921, 923 (4th Cir. 2016) (declining to address all of a claimant's issues raised once the Court decided to remand on one issue); *Edna Faye H. v. Saul*, No. TMD 18-581, 2019 WL 4643797, at *6 (D. Md. Sep. 24, 2019). On remand, the ALJ should address the other issues raised by Plaintiff. *Timothy H. v. Saul*, No. TMD 18-1675, 2019 WL 4277155, at *7 (D. Md. Sep. 10, 2019).

## IV. Conclusion

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **GRANTS** Plaintiff's Alternative Motion, and **REMANDS** this matter for further proceedings.

January 21, 2020

/s/
Charles B. Day
United States Magistrate Judge

CBD/hjd